UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. MILLIKEN,<br><br>    Plaintiff,<br><br>  v.<br><br>A. MAYLIN, et al.,<br><br>    Defendants. | Case No. 18-cv-03209-JSC<br><br>**ORDER DENYING MOTION FOR COURT TO ACT AS INTERMEDIARY BETWEEN PLAINTIFF AND WITNESSES; INSTRUCTING CLERK TO SEND PLAINTIFF SUBPOENA FORM; EXTENDING DEADLINE**<br><br>Re: Dkt. No. 25 |

Plaintiff, a California prisoner, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against officials at Pelican Bay State Prison, where Plaintiff was formerly housed. Plaintiff claims that Defendants violated his Eighth Amendment rights by placing him on "Contraband Surveillance Watch" ("CSW") for 44 hours to determine whether he had ingested contraband. Defendants have filed a motion for summary judgment, and Plaintiff's opposition is presently due on or before April 18, 2019.

Plaintiff has filed a motion requesting that the Court act as an intermediary between him and two inmates whom he claims are witnesses. Specifically, he wants these witnesses to answer written questions he has prepared about their experience on CSW. He requests that the Court locate and serve the questions upon the witnesses, order the witnesses to answer them, and then supply the answers to Plaintiff.

The answers to Plaintiff's questions are not relevant to the issues raised in Defendants' motion for summary judgment. The experience of other inmates on CSW may be relevant to the subjective element of the Eighth Amendment analysis, that is, whether Defendants were deliberately indifferent to his safety. Defendants do not, however, base their pending motion on a

lack of evidence of deliberate indifference. Rather, they base their motion on the objective element of the Eighth Amendment claim, arguing that the conditions Plaintiff faced were not sufficiently harsh to implicate the Eighth Amendment, and on qualified immunity, arguing that the law was not clearly established that such conditions violated the Eighth Amendment. The conditions that other inmates faced while on CSW are irrelevant to the conditions that Plaintiff faced while he was on CSW. Accordingly, Plaintiff's motion is DENIED.

If the case proceeds past summary judgment, Plaintiff may be entitled to the discovery he seeks, but the Court will defer that question until after summary judgment is decided.

Plaintiff has requested a subpoena duces tecum. The Clerk shall mail Plaintiff a subpoena form. Plaintiff shall fill it out and return it to the Court with an explanation for why the documents he seeks are relevant to his claims. If appropriate, the Clerk will then issue and serve the subpoena.

The deadline for Plaintiff's opposition to the motion for summary judgment is extended to and including May **16, 2019**. Defendants' reply brief is due **14 days** after the opposition is filed.

**IT IS SO ORDERED.**

Dated: April 17, 2019

JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES M. MILLIKEN,

    Plaintiff,

v.

A. MAYLIN, et al.,

    Defendants.

Case No. 18-cv-03209-JSC

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 17, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James M. Milliken ID: F08618
Corcoran State Prison
P.O. Box 3476
4A2R-55
Corcoran, CA 93212

Dated: April 17, 2019

        Susan Y. Soong
        Clerk, United States District Court

        By:_____
        Ada Means, Deputy Clerk to the
        Honorable JACQUELINE SCOTT CORLEY

3